**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LAND O'LAKES PURINA FEED, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-981-GPM |
| | ) | |
| WELKCO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to dismiss or, in the alternative, for a more definite statement brought by Defendant WelkCo, LLC ("WelkCo") (Doc. 10). This case presents a straightforward action on a promissory note. According to the operative complaint of Plaintiff Land O'Lakes Purina Feed, LLC ("LOLPF"), in 2000 WelkCo executed and delivered to Farmland Industries, Inc. ("Farmland"), a promissory note under which WelkCo promised to pay Farmland the principal sum of $250,000.00, plus interest at the rate of eight percent per year, on or before April 20, 2007. In 2001 Farmland and Land O'Lakes, Inc., the parent company of LOLPF, entered into a joint venture to produce and distribute animal-feed products; LOLPF was created to operate the joint venture. Thereafter, Farmland assigned the promissory note executed by WelkCo to LOLPF. LOLPF alleges that WelkCo defaulted on its contractual obligations under the promissory note by failing to pay the principal and interest when they became due on April 20, 2007. LOLPF alleges breach of contract and demands payment of all amounts due under the promissory note, including attorneys' fees and costs of collection. WelkCo in turn has moved for dismissal of

LOLPF's complaint for failure to state a claim upon which relief can be granted or, alternatively, for a more definite statement of LOLPF's claim for relief. WelkCo's motion has been fully briefed, and the Court rules as follows.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 773 (S.D. Ill. 2009). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

In general a court may require the filing of a more definite statement when a pleading "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such relief applies to a small class of pleadings that, though "sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed," nonetheless are "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Vician v. Wells Fargo Home Mortgage*, No. 05-cv-144, 2006 WL 694740, at *9 (N.D. Ind. Mar. 16, 2006). *See also Metso Paper, Inc. v. Enerquin Air Inc.*, No. 06-C-1170, 2007 WL 486635, at *5 (E.D. Wis. Feb. 12, 2007) ("Rule 12(e) motions are generally disfavored and are not intended as a substitute for the normal discovery process.") (brackets and quotation omitted); *Parus v. Cator*, No. 05-C-0063-C, 2005 WL 1458770, at *3 (W.D. Wis. June 17, 2005) (noting that "Rule 12(e) motions are rarely granted" and that "judges are admonished to exercise their discretion sparingly in ordering more definite statements."). The rule is aimed at unintelligibility rather than lack of detail. *See Jones v. Dave Miller Buick*, No. 98-C-5666, 1999 WL 116217, at *1 (N.D. Ill. Mar. 2, 1999). Thus, if a plaintiff's complaint is sufficiently definite to enable a defendant to know what is charged, it is sufficient to withstand a Rule 12(e) motion. *See id.*

To recover on a promissory note under Illinois law, a plaintiff must show that: (1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense. *See Riley v. Argonaut Midwest Holdings, L.L.C.*, No. 06 C 5026, 2007 WL 2461661, at *3 (N.D. Ill. Aug. 28, 2007) (citing *Basu v. Stelle*, 603 N.E.2d 1253, 1254-56 (Ill. App. Ct. 1992)). To prevail on a claim for breach of contract under Illinois law,

a plaintiff must establish: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by a defendant; and (4) resulting injury to the plaintiff. *See Daimlerchrysler Servs. N. Am., LLC. v. North Chicago Mktg., Inc.*, No. 02 C 5633, 2004 WL 741740, at *2 (N.D. Ill. Apr. 6, 2004) (citing *Gallagher Corp. v. Russ*, 721 N.E.2d 605, 611 (Ill. App. Ct. 1999)). In this instance, WelkCo argues for dismissal or a more definite statement on four grounds: LOLPF has not alleged sufficiently that it is the assignee of the promissory note given by WelkCo to Farmland; any assignment of the promissory note given to Farmland by WelkCo is ineffective due to failure by Farmland to indorse the promissory note to LOLPF; LOLPF has not alleged that it has performed its contractual obligations under the promissory note; and Farmland is an indispensable party to these proceedings within the meaning of Rule 19 of the Federal Rules of Civil Procedure and/or a real party in interest in these proceedings within the meaning of Rule 17 of the Federal Rules of Civil Procedure. The Court will consider each of WelkCo's contentions in turn.

With respect to whether LOLPF has alleged adequately that it is the assignee of the promissory note given by WelkCo to Farmland, in its operative complaint LOLPF makes the following allegations:

> 6. In 2001, Farmland and LOLPF's parent company, Land O'Lakes, Inc. ("Land O'Lakes"), entered into a joint venture to produce and distribute animal-feed products. To operate the joint venture, Farmland and Land O'Lakes formed LOLPF.
> 7. Farmland and Land O'Lakes each made contributions to LOLPF. As part of its contributions, Farmland transferred and assigned the Promissory Note to LOLPF.
> 8. LOLPF is the lawful assignee, owner and holder of the Promissory Note.

Doc. 15 at 2-3 ¶¶ 6-8. Under Illinois law, "no particular form of words is necessary to create a valid assignment" and "[a]s a general rule, where the right is assignable, any language that demonstrates

the intent to transfer some identifiable property from one party to another for valuable consideration is sufficient to establish an assignment." *Martin v. City of O'Fallon*, 670 N.E.2d 1238, 1241 (Ill. App. Ct. 1996) (citing *Hobart v. Hale*, 477 N.E.2d 740 (Ill. App. Ct. 1985)). By the same token, the Court is not aware of any particular form of pleading that is necessary to allege an assignment. Naturally, "notice pleading requires the plaintiff to allege . . . enough to put the defendant on notice of facts providing a right to recovery[.]" *Brokaw v. Mercer County*, 235 F.3d 1000, 1023 n.19 (7th Cir. 2000). However, LOLPF's allegations seem to the Court to be ample under Rule 8 of the Federal Rules of Civil Procedure to give WelkCo notice of the basis of LOLPF's claim of right. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) ("[A] filing under Rule 8 [of the Federal Rules of Civil Procedure] . . . should be 'short and plain' and suffices if it notifies the defendant of the principal events[.]").

As to whether Farmland's assignment of the promissory note to LOLPF is ineffective due to failure by Farmland to indorse the promissory note to LOLPF, Illinois law permits oral assignments and assignments of an instrument by a separate document, provided that there is delivery of the instrument. *See In re National Tire Servs., Inc.*, 201 B.R. 788, 790 (Bankr. N.D. Ill. 1996) (citing *Buck v. Illinois Nat'l Bank & Trust Co.*, 223 N.E.2d 167, 169 (Ill. App. Ct. 1967)); ("Illinois law recognizes oral assignments, so long as the items being assigned are assignable[.]"); *City Nat'l Bank & Trust Co. of Chicago v. Oberheide Coal Co.*, 30 N.E.2d 753, 755 (Ill. App. Ct. 1940) (quoting *Rothwell v. Taylor*, 135 N.E. 419, 421 (Ill. 1922)) ("A note may be transferred as a gift without indorsement or written assignment by the payee 'if delivered to the donee by the payee with intent to transfer the title.'"); *Williams v. Frederick's Estate*, 7 N.E.2d 384, 386 (Ill. App. Ct. 1937) ("[A] note may be assigned by a separate instrument without

indorsement so as to vest the legal title in the assignee, provided, the note is also transferred by delivery to the assignee."). As a copy of the promissory note given to Farmland by WelkCo is attached to LOLPF's operative complaint, the Court presumes that Farmland delivered the note to LOLPF, with the result that LOLPF as assignee acquired all of the interest of Farmland in the transferred note.

With respect to whether LOLPF has performed its obligations under the promissory note, the note states explicitly that "FOR VALUE RECEIVED, WELKCO, L.L.C., an Illinois limited liability company . . . , hereby covenants and promises to pay to the order of Payee, in legal tender of the United States, the Principal Amount of $250,000, together with all interest accrued thereon, on the terms and conditions set forth herein." Doc. 15-1 at 1. The note provides further that it will "inure to the benefit of Payee and its successors and assigns." *Id*. at 2. "In an action with respect to a negotiable instrument, the plaintiff producing the instrument is entitled to payment if he proves the validity of the signatures on the instrument and entitlement to enforce the instrument." *Strosberg v. Brauvin Realty Servs., Inc.*, 691 N.E.2d 834, 839 (Ill. App. Ct. 1998) (citing 810 ILCS 5/3-308). *See also Bank of N.C., N.A. v. Rock Island Bank*, 630 F.2d 1243, 1247 (7th Cir. 1980) (applying Illinois law) (if the holder of a negotiable instrument produces the instrument and the signatures are not in dispute, the holder may recover under the instrument unless a defense is established, and it is only after a defense is shown to exist that the holder bears the burden of proving that it is a holder in due course); *General Elec. Capital Corp. v. Kozil*, 149 F.R.D. 149, 153 (N.D. Ill. 1993) (applying Illinois law) ("As holder of the Note, [the plaintiff] is the person entitled to enforce the Note. Because [the defendant] has admitted that he signed the Note and because [the plaintiff] is entitled to enforce the Note, upon production of the Note, [the plaintiff] is entitled to payment unless [the

defendant] is able to establish a defense or claim in recoupment."); *Tuttle v. Rose*, 430 N.E.2d 356, 358 (Ill. App. Ct. 1981) ("[W]hen the signatures on a note are admitted or established, production of the instrument entitles a holder to recover unless the defendant establishes a defense. This means that once the holder produces the instrument, he is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any defense, including payment, by a preponderance of the evidence.") (citation omitted). Here LOLPF is the holder of the promissory note at issue in this case and WelkCo does not dispute that it signed the note. This is sufficient to establish LOLPF's performance of the agreement and its right to payment of the instrument.

Finally, with respect to whether Farmland is an indispensable party to these proceedings, an assignor may be a proper party to an action, but not an indispensable one. "Unless local law qualifies the rights of the assignee (e.g., of certain tort claims), or the assignor has repudiated the assignment, or the assignment is wholly executory, the assignor is not an indispensable . . . party. Even where the assignment is partial, the assignor and the assignee may be necessary parties, but they will not be indispensable . . . parties." *Overseas Dev. Disc Corp. v. Sangamo Constr. Co.*, 686 F.2d 498, 505 n.18 (7th Cir. 1982). "An assignor of rights and liabilities under a contract generally is not needed for a just adjudication of a suit brought by the assignee. Indeed, in most cases the assignor would not even be a proper party inasmuch as the assignor may have lost the right to bring an independent action on the contract by virtue of the assignment." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1613 (3d ed. 1998 & Supp. 2010) (footnote omitted) (collecting cases). To the extent WelkCo suggests that Farmland is the real party in interest in a suit on the promissory note at issue in this case, this contention too is

mistaken. Farmland has been liquidated in bankruptcy and thus cannot be a real party in interest under Rule 17. *See Old Ben Coal Co. v. Office of Workers' Comp. Programs*, 476 F.3d 418, 420 (7th Cir. 2007) (stating that a coal company that had been liquidated in bankruptcy "has no possible stake in this litigation. It is therefore not a real party in interest, which is to say a party that has a legally protectable interest in the outcome of the suit. It is a party in name only."). Farmland's liquidation in bankruptcy is also another reason that Farmland is not an indispensable party to these proceedings. *See Horbach v. Kaczmarek*, 915 F. Supp. 18, 21-22 (N.D. Ill. 1996) (a dissolved corporation is not an indispensable party to an action because it has no interest that could be impaired by the action).

WelkCo has failed to show grounds to dismiss this case. Similarly, the Court does not find that LOLPF's complaint is so unintelligible as to warrant the disfavored step of ordering LOLPF to file a more definite statement. WelkCo's motion is entirely without merit. Accordingly, WelkCo's motion to dismiss or, in the alternative, for a more definite statement (Doc. 10) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: April 18, 2011

                                            /s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            United States District Judge